

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2007

# Tjen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1574

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tjen v. Atty Gen USA" (2007). *2007 Decisions.* Paper 414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-1574

———


THERESIANA C. TJEN,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                            Respondent

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A96-266-639)
Immigration Judge:  Hon. Miriam Mills


———


Submitted Under Third Circuit LAR 34.1(a)
September 17, 2007

Before: SLOVITER, SMITH, and WEIS, Circuit Judges

(Filed: September 20, 2007)

———


OPINION

SLOVITER, Circuit Judge.

Petitioner Theresiana Tjen seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons that follow, we will deny Tjen's petition for review.

## I.

Tjen is a female native and citizen of Indonesia. She entered the United States on January 13, 2001 as a nonimmigrant visitor with authorization to remain temporarily until July 12, 2001. On June 2, 2003, the government served her with a notice to appear, charging her with being subject to removal for remaining in the United States beyond her admission period in violation of section 237(a)(1)(B) of the Immigration and Nationality Act. On October 27, 2004, Tjen appeared before the IJ at a removal hearing, seeking asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). The IJ denied Tjen's applications. Tjen thereafter timely appealed the IJ's decision to the BIA, which summarily affirmed the IJ's decision.[1] We have jurisdiction to review this petition pursuant to 8 U.S.C. § 1252(a)(1).

## II.

This court reviews the BIA's factual finding that an alien has failed to demonstrate

---

[1]  We review directly the IJ's decision because the BIA adopted the ruling of the IJ without further independent analysis. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).

eligibility for relief from removal under the "substantial evidence" test. Gao, 299 F.3d at 272. We will reverse only if no reasonable factfinder could have failed to find the past persecution necessary to sustain the petitioner's burden. See 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992) (reversal permitted only where the record evidence "compels" a reasonable factfinder to reach a contrary determination).

### III.

To be eligible for asylum under section 208 of the INA, 8 U.S.C. § 1158, the applicant must demonstrate "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" See 8 U.S.C. § 1101(a)(42)(A). To be eligible for withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), the applicant must demonstrate that his "life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To qualify for relief under the CAT, the applicant must demonstrate that it is more likely than not that he would be tortured if removed. 8 C.F.R. § 208.16(c)(2).

Tjen contends that the IJ failed to specifically conclude that she did not suffer past persecution. We disagree. Although the IJ found that the background material submitted corroborated Tjen's report of civil rioting, she concluded that "other than suffering trauma from witnessing the civil rioting . . . and facing threats the . . . only direct harm [to

3

Tjen and her family] was to lose the contents of their home." App. at 36.

Tjen also contends that the violence the ethnic Chinese experienced during the May 1998 civil riots will reoccur and that her alleged well-founded fear of future persecution if she returns is based on continued contact with family members who have informed her that there are continued demonstrations and riots in which the Chinese are always targets. The IJ concluded, however, that Tjen "has provided absolutely no reliable background of current conditions in Indonesia which would establish that ethnic Chinese . . . will more likely than not be harmed because of their identities," App. at 38-39, and that she "failed to . . . show any clear probability that she would be subjected to persecution on account of one of the enumerated asylum grounds." App. at 39.

In Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), we explained that persecution is limited to "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Id. at 536 (internal citation and quotation marks omitted). To establish a well-founded fear of persecution, the petitioner must demonstrate through credible testimony that his or her fear is genuine and that, objectively, "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." Id. (internal citation and quotation marks omitted).

The IJ concluded that: (1) Tjen "was unable to cite any current country conditions in Indonesia currently which support her claim that she has a well-founded fear of persecution if she returns to Indonesia, i.e.[,] that she will more likely than not be harmed

4

if she returns to Indonesia based on her Chinese ethnicity and/or her Buddhist religion";
(2) Tjen "has not shown that the government is unwilling or unable to . . . protect citizens
from terrorists reasonably"; and (3) that the "continued presence of [Tjen's] family in
Indonesia unharmed for . . . a period of time after her departure reduces the
reasonableness of her expressed fear of persecution."  App. at 38, 40, 41.

Given our highly deferential standard of review, we see no reason to disturb the
findings of the IJ, as they were "supported by reasonable, substantial, and probative
evidence on the record considered as a whole."  Elias-Zacarias, 502 U.S. at 481, and we
are not persuaded in this case that a "reasonable adjudicator would be compelled to
conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

**IV.**

We conclude that the IJ's decision that Tjen did not suffer past persecution and
would not be subject to torture upon return to Indonesia was supported by substantial
evidence.  Accordingly, we will deny her petition.

5